IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                         WESTERN DIVISION

ARDIT LIKA                                            PETITIONER

V.                            CIVIL ACTION NO. 5:26-cv-03-DCB-BWR

RAFAEL VERGARA                                        RESPONDENT
*Warden of Adams County Correctional*
*Center*


                ORDER ADOPTING REPORT AND RECOMMENDATION

     This matter is before the Court on Magistrate Judge Rath's

Report and Recommendation ("Report") [ECF No. 15] recommending

that Petitioner's Motion for Temporary Restraining Order [ECF No.

5] be denied because Petitioner has not shown that his claims have

a likelihood of success on the merits. The Report was entered on

March 16, 2026, and objections to it were due by March 30, 2026.

No party has objected to the report.

     Where no party has objected to a Magistrate Judge's Report

and Recommendation, the Court need not conduct a de novo review of

it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de

novo determination of those portions of the report or specified

proposed findings or recommendations to which objection is

made."). Where there are no objections, the Court applies the

"clearly erroneous, abuse of discretion and contrary to law"

standard of review to the Report. United States v. Wilson, 864

F.2d 1219, 1221 (5th Cir. 1989).

The Court has reviewed Petitioner's Motion for Temporary Restraining Order, filed on January 29, 2026. [ECF No. 5]. Having considered the Report of Judge Rath, the Court adopts his findings and conclusions in full. As noted in the Report, Petitioner's statutory arguments are foreclosed by Buenrostro-Mendez v. Bondi, 166 F.4th 494, 498 (5th Cir. 2026). Petitioner's due process arguments rely primarily on Zadvydas v. Davis, 533 U.S. 678 (2001), a post-removal-order case. The Court further agrees with Judge Rath that Petitioner's reliance on the three-part test from Mathews v. Eldridge, 424 U.S. 319 (1976) is misplaced, as the Supreme Court did not apply that test in either Zadvydas or Demore v. Kim, 538 U.S. 510 (2003), and has "never viewed Mathews [v. Eldridge] as announcing an all-embracing test for deciding due process claims." Dusenbery v. United States, 534 U.S. 161, 168 (2002).

Accordingly,

The Court agrees with Judge Rath's recommendation. The Report [ECF No. 15] is hereby ADOPTED and Petitioner's Motion for Temporary Restraining Order [ECF No. 5] is DENIED.

SO ORDERED, this the 13th day of April, 2026.

/s/ David C. Bramlette
DAVID C. BRAMLETTE III
UNITED STATES DISTRICT JUDGE

2